IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 03-0155-WS |
| | ) |
| **DELTRIC CALDWELL,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Deltric Caldwell's Motion for Court Transcripts (doc. 36).

The court file reflects that on October 2, 2003, Caldwell entered a guilty plea before the undersigned to Count One (conspiracy to distribute and possess with intent to distribute more than 20 kilograms of crack cocaine, in violation of 21 U.S.C. § 846). Following the United States' Motion for Downward Departure (doc. 27) pursuant to U.S.S.G. § 5K1.1, the Court sentenced Caldwell on June 17, 2004 to a term of imprisonment of 120 months. (*See* doc. 34.) Caldwell did not pursue a direct appeal, and has never filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255.

Now, more than four years later, Caldwell for the first time requests that he be furnished free copies of "transcripts of his Court proceedings and/or his sentencing" on the ground that such "transcripts are desperately needed for the use in filing an application for Habeas Corpus and any and such other relief that applies to the defendant." (Doc. 36, at 1.) Because Caldwell never filed a direct appeal, those transcripts were never prepared. Contrary to defendant's suggestion, he enjoys no absolute right to compel the transcription, at taxpayer expense, of his change of plea hearing at sentencing hearing at this time. *See, e.g., Jefferies v. Wainwright*, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."). The circumstances under which a defendant in Caldwell's position may be eligible for a free transcript are delineated in 28 U.S.C. § 753(f), which provides in relevant part as follows: "Fees for transcripts furnished in proceedings brought under section 2255 of this title

to persons permitted to sue or appeal in forma pauperis shall be paid by the United States ... *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal*." 28 U.S.C. § 753(f) (emphasis added).

Caldwell's Motion fails for three reasons. First, he has made no showing of indigency, which is a threshold inquiry before a free transcript may be granted. Second, he has failed to make any showing that his contemplated § 2255 petition would not be frivolous, or that the transcripts are needed to decide issues presented in any such § 2255 petition. By all appearances, any § 2255 motion that Caldwell might file now would be time-barred by a wide margin, and therefore frivolous.[1] Third, Caldwell's request is premature because it was filed in advance of any motion that Caldwell is contemplating. *See, e.g., United States v. Horvath*, 157 F.3d 131, 133 (2nd Cir. 1998) ("We hold that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed"); *Chapman v. United States*, 55 F.3d 390 (8th Cir. 1995) ("any request for a free transcript prior to the filing of a section 2255 complaint is premature," and defendant is "not entitled to copies of transcripts at government expense in advance of filing suit") (citation omitted); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

For all of these reasons, defendant's Motion for Court Transcripts (doc. 36) is **denied**. Notwithstanding the foregoing, the Court recognizes that Caldwell has also requested copies of certain court file materials. While such items should be readily available from his former

---

[1] In particular, any § 2255 motion that Caldwell might file would almost certainly be precluded by the limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, a § 2255 motion must be filed within one year after the latest of (1) the date the judgment of conviction became final; (2) the date the impediment to filing the motion was removed, if the impediment was unconstitutional or unlawful government action preventing such filing; (3) the date the right asserted was initially recognized by the Supreme Court; or (4) the date on which facts supporting the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255. Caldwell's conviction and sentence became final approximately four years ago.

counsel of record and should have been requested from counsel in the first instance, the Court in its discretion **directs** the Clerk's Office to mail Caldwell copies of the Indictment (doc. 3), the Plea Agreement (doc. 21), and the Judgment (doc. 34).

DONE and ORDERED this 21st day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE